FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 05 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
S&S BRANDS, INC., et al.

    Plaintiffs,

           – against –

SEAFORD STOP & SHOP INC.,

    Defendant.
----------------------------------X

ORDER
13-CV-5383 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

On September 27, 2013, plaintiffs filed a complaint in this action, and they served defendant with a copy of the complaint on October 7, 2013. Defendant failed to answer or appear. On April 17, 2014, plaintiffs requested a certificate of default, and on April 21, 2014, the Clerk of the Court noted the default of the defendant. On May 13, 2014, plaintiffs moved for default judgment against defendant. On May 15, 2014, the Court ordered defendant to respond in writing within fourteen days as to why default judgment should not be entered. The Court directed plaintiffs to serve a copy of the May 15, 2014 order on defendant, and explicitly warned defendant that a failure to respond to the order would result in the entry of default judgment. Defendant neither responded nor otherwise communicated with the Court. Accordingly, on June 3, 2014, the Court granted the motion for default judgment. The Court then referred this matter to Magistrate Judge Wall for a Report and Recommendation ("R&R") on the issue of damages and other relief sought by plaintiffs.

Magistrate Judge Wall issued his R&R on July 8, 2014. He recommends that the Court adopt and so order the proposed permanent injunction filed by plaintiffs in all but one respect; with respect to the destruction of signage and advertising in the possession of defendant bearing the designation "Stop & Shop," Magistrate Judge Wall recommends that the injunction be modified to clarify where and to whom delivery of the signage and advertising shall be made. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R upon defendant. The same paragraph directed plaintiffs to serve a copy of the R&R on defendant. The docket reflects that a copy of the R&R was served upon defendant on July 16, 2014. (*See* ECF No. 22.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

Where there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, the district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is

non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has not objected to the R&R, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.[1] Accordingly,

IT IS HEREBY ORDERED that the Court grants plaintiff's request for a permanent injunction. Because plaintiffs' proposed injunction must be clarified to explain where and to whom delivery of the signage and advertising shall be made, the Court directs plaintiffs to submit a revised proposed permanent injunction consistent with this Order and the R&R no later than August 15, 2014.

SO ORDERED.

Dated: August 5, 2014
Central Islip, New York

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

---

[1] In connection with this determination, the Court has concluded that an evidentiary hearing is unwarranted given the affidavit and documentary evidence submitted by plaintiffs.

3